High Court of Errors and Appeals. August, 1824.

*Ridgely's Notebook IV, 450.*

## REBECCA CHASE, Administratrix of William Chase, v. SAMUEL JOHNSON.

Court of Chancery. In Vacation. August, 1824.

*Ridgely's Notebook IV, 453.*

116

The following, stated by *Mr. Bates,* was submitted to the Chancellor.

It is agreed that, according to the papers herewith shown, Samuel Johnson and William Chase were co-sureties in an administration bond for the due and proper administration of the estate of William Chance by Pamela Chance and Samuel Fountain. The bond was taken in Maryland, the goods of the intestate and administration being in that state.

It is also agreed that Samuel Johnson, party hereto, has been compelled to pay on account of said suretyship a sum, which, together with interests and costs, amounts on this 4th day of August, 1824, to the sum of $193.88; that both administrators are insolvent, and that the said Samuel Johnson has no means of indemnifying himself for the payment of said sum, or any part thereof, except by way of contribution from the representative of his co-surety, now deceased.

Mrs. Chase, the other party hereto, is the widow and administratrix of the aforesaid William Chase.

It is also agreed that said Samuel Johnson has paid $10, in defending the suits in Maryland for this money.

The question submitted is whether upon this statement of the facts, and upon an examination of the papers herewith submitted, the estate of William Chase, co-surety with Samuel Johnson, as aforesaid, in the hands of his administratrix, is liable to contribute one-half of the sum so as aforesaid collected from said Samuel Johnson. And the parties hereto agree to submit this question to the Chancellor, and solicit his opinion.

If there is in the opinion of the Chancellor any legal liability, which could be enforced, either in law or equity, on the part of Mrs. Chase, as administratrix as aforesaid, to pay this money, she agrees to pay it without suit. If in the opinion of the Chancellor there is no such liability, Mr. Johnson agrees that he will release the administratrix, Mrs. Chase, from all actions and suits in relation to the premises.

And the said Samuel Johnson and Rebecca Chase, parties hereto, do respectively agree to and with each other, to abide by such decision as Nicholas Ridgely, Chancellor of the State of Delaware, shall make, or by such opinion as he shall express in writing in relation to the premises, according to the true intent and meaning of this agreement; and for the performance thereof interchangeably

bind themselves each to the other in the penalty of $500 lawful [money] of the United States of America. In witness whereof, August 4, 1824, [etc.]

This agreement was signed and sealed by Samuel Johnson and Rebecca Chase and witnessed by Martin W. Bates.

The following is a copy of THE CHANCELLOR'S reply in writing.

According to the statement in the foregoing case, THE CHANCELLOR is of opinion that Rebecca Chase, the administratrix of William Chase, who in his lifetime was one of the sureties in the administration bond given by Pamela Chance and Samuel Fountain, administrators of William Chance, to the State of Maryland, is bound to contribute an equal part of the debt, interest, and costs recovered on that bond against Samuel Johnson, the other surety, and of the money expended in defending the suit. It is a clear principle, both of equity and law, that one surety shall contribute to another; and nothing appears in this case to form any exception. Mrs. Chase should pay to Samuel Johnson one-half of the before mentioned sum of $193.88, and also one-half of ten dollars expended in Maryland in defending the suit brought for the recovery of this money, upon a proper probate being made.

THE CHANCELLOR has made no calculation, but assumes the amount given and all the facts stated are correct.

[Signed]   *Nicholas Ridgely*

August 7th, 1824.

[NOTE.] One surety may compel another to contribute. 1 Ch.R. 34; 2 Freem. 97; 1 Eq.Cas.Abr. 114, case 9, 10; 2 P.Wms. 313; 3 Atk. 406; 6 Ves. [——] [1]; 14 Ves.Jr. 160; 1 Madd.Ch. 190. But the equity may be limited by the extent of their respective contracts, as when they engage for different sums; so one may contract so as not to be liable in any degree. 14 Ves.Jr. 160, 164.

[1] Blank in manuscript.